UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SPENCER PETERSEN, as trustee of The Spencer and Lesley Petersen Family Living Trust,<br><br>            Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, a business entity of unknown form or residence; AMERICAN STRATEGIC INSURANCE COMPANY, a business entity of unknown form or residence, and DOES I through X<br><br>            Defendants. | Case No. 1:23-cv-00408-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Spencer Petersen's Motion for Partial Summary Judgment (Dkt. 16) and Defendants' Motion to Compel (Dkt. 19). Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented, and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will rule on the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES Plaintiff's Motion for Partial Summary Judgment and GRANTS Defendants' Motion to Compel.

## II. BACKGROUND

### A. Factual Background

Plaintiff Spencer Petersen purchased a homeowner's insurance policy issued to the family trust by Defendants and identified as policy number IDA4686 (the "Policy"). The Policy insures the trust's home against sudden and accidental direct physical loss to the property, including water damage.[1] However, the Policy expressly exempts from coverage losses caused by seepage or leaks that persisted for a period of fourteen or more days.

On or about April 6, 2023, Petersen discovered water damage to the home, apparently caused by a water leak in the laundry room. Promptly upon discovering the damage, Petersen hired Done Right Fire and Flood ("Done Right") to repair the leak and clean up the damage. He subsequently notified Defendants of the damage and requested reimbursement for the repairs pursuant to the Policy.

Defendants investigated the damage to the home and ultimately concluded it was caused by a leak that had been present for more than fourteen days. They based this conclusion upon the findings of an independent adjuster, who opined that the leak appeared to come from a crack in an eighteen-year-old pipe and that the crack had likely been present for an extended period. Accordingly, Defendants denied Petersen's request for coverage.

### B. Procedural Background

Petersen initially brought suit in Idaho state court. Defendants subsequently removed the case to this Court. Dkt. 1. On March 15, 2024, Petersen filed the instant

---

[1] There is nothing in the record to indicate if this house is a primary residence, secondary residence, or rental property.

MEMORANDUM DECISION AND ORDER – 2

Motion for Partial Summary Judgment, arguing that there are no disputed material facts and that judgment must be entered against Defendants as a matter of law. Dkt. 16. Almost two months later, Defendants filed their Motion to Compel, arguing that Petersen has been unresponsive to discovery requests and asking the Court to compel a response and to grant fees and costs. Dkt. 19. After Petersen's window to file a response had passed, Defendants filed a reply brief, reiterating the arguments in their motion. Dkt. 20.

### III. LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cnty. Of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (cleaned up). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (cleaned up). On the other hand, to succeed in a motion for summary judgment, the moving party must either (1) "produce evidence negating an essential element of the nonmoving party's claim or defense," or (2) "show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on the pleadings to defeat a motion for summary judgment; rather, the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that preclude summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

**B. Discovery**

Trial courts are vested with broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "The purpose of discovery is to prevent surprise, prejudice and perjury during trial." *Sanders v. Univ. of Idaho*, 2022 WL 280875, at *1 (D. Idaho Jan. 31, 2022) (cleaned up). The Federal Rules of Civil Procedure afford parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Federal Rules specify a number of methods for obtaining discovery, including interrogatories, requests for production of documents, and requests for admission. *See* Fed. R. Civ. P. 33, 34, 36.

The Federal Rules governing failure to cooperate in discovery provide that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Specifically, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce

documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Such a motion must include "a certification that the movant has in good faith conferred or attempted to confer with" the unresponsive party. Fed. R. Civ. P. 37(a)(1). Further, any request for admission that goes unanswered is deemed admitted. Fed. R. Civ. P. 36(a)(3).

The Court must require the unresponsive party, its counsel, or both to pay the moving party's "reasonable expenses incurred in making the motion [to compel], including attorney's fees," but only if, after granting the unresponsive party opportunity to be heard,[2] the Court determines the movant did not act in good faith in attempting to resolve the issue without court action, the unresponsive party's unresponsiveness was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

## IV. ANALYSIS

The Court will begin with an analysis of Petersen's Motion for Partial Summary Judgment. It will then turn to Defendants' Motion to Compel.

### A. Petersen's Motion for Partial Summary Judgment

Petersen contends there is no dispute the damage caused to the home arose from a sudden pipe break, and that there is no evidence that any coverage limitation can apply to deny coverage. Dkt. 16-1, at 6–11. The parties agree that a broken pipe and resulting leak caused the damage to the home. And the Policy is clear that it "insure[s] for sudden and accidental direct physical loss." Dkt. 16-3, at 24. But, as noted, the Policy clearly exempts from coverage any damage caused by "constant or repeated seepage or leakage of

---

[2] The Court understands briefing to constitute an "opportunity to be heard." Thus, an in-person hearing is not required under this provision.

water . . . over a period of 14 or more days . . . ." *Id.*

Here, Defendants denied coverage based on a report by Larry Oletski, an independent insurance adjuster (the "Oletski Report"), who concluded that the leak was likely "long-term" and "recurring." Dkt. 17-3, at 2; Dkt. 17-2. Without commenting on the strength of this evidence, the Court can nevertheless determine that, based on the report, a reasonable juror who draws all inferences in Defendants' favor could return a verdict for Defendants. *See Zetwick*, 850 F.3d at 441.

Petersen argues that the Court should disregard the Oletski Report because it is inadmissible, speculative, and conjectural. Dkt. 16-2, at 8. Regarding admissibility, Petersen may be correct. Determining how long a particular leak has been causing damage likely requires expert knowledge, and Oletski has not been qualified as an expert witness—nor has he been identified as a lay witness. However, "[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001); *see also Burch v. Regents of University of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) ("[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence."). Because it is possible that Oletski could be qualified as an expert and could testify at trial, the Court may consider his report at this stage. Further, the Court agrees that the language in the report is somewhat equivocal. *See* Dkt. 17-3, at 2 (stating the leak "appears" to have been recurring and is "assumed" to be long-term). But overall,

it is sufficient to show a disputed fact. Thus, Petersen's Motion for Summary Judgment must be denied.

Defendants should note, however, that without qualifying Oletski as an expert, the Oletski Report will likely be inadmissible at trial, leaving them without a leg to stand on. And even if Oletski is qualified as an expert, his report may embrace questions that will ultimately be reserved for the jury. This alone is not objectionable, *see* Fed. R. Evid. 704, but it likely means that this case will be decided by a battle of the experts. Acknowledging that it should not weigh evidence at summary judgment, *see Zetwick*, 850 F.3d at 441, the Court simply finds it expedient to notify Defendants of the relative precariousness of their position.

Finally, Petersen argues that, even if a coverage limitation applies, the Policy contains applicable exceptions to the limitations that require Defendants to cover his losses. Dkt. 16-1, at 11. The Policy *does* contain exceptions to its coverage limitations—particularly relevant here is language indicating the Policy covers losses resulting from the "accidental discharge or overflow of water," *even if* those losses arise from otherwise exempted circumstances. Dkt. 16-3, at 25. Because the parties agree that the damage here was caused by the discharge of water, Petersen claims this exception to the Policy's limitations should apply. The problem with Petersen's argument is that this exception does *not* apply to the provision excluding coverage for damage caused by leaks that have persisted fourteen or more days.[3] Thus, this argument can be readily dismissed.

---

[3] The exception expressly applies to provisions 3.f through 3.o in the limitations section. But the provision exempting Defendants from covering damage caused by leaks older than fourteen days is contained in 3.e.

In conclusion, Petersen has not "produce[d] evidence negating an essential element" of Defendant's defense; nor has he shown that Defendants lack "enough evidence of an essential element to carry [their] burden of persuasion at trial." *Nissan Fire & Marine*, 210 F.3d, at 1102. A key material fact here—how long the water was leaking from the broken pipe in the Petersen home—is in dispute. Thus, summary judgment is inappropriate.

### B. Defendants' Motion to Compel

Defendants served Petersen with a set of interrogatories, requests for production, and requests for admission on March 8, 2024. Each of these discovery tools comes with a thirty-day response deadline. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Accordingly, Petersen had a response deadline of April 8, 2024. After that deadline had come and gone without any response, counsel for Defendants contacted counsel for Petersen—Seth Diviney—via email, requesting an update. Diviney responded, requesting an extension to April 30, 2024, which counsel for Defendants agreed to. Dkt. 19-6, at 2. That deadline also came and went without a response. On May 6, 2024, counsel for Defendants emailed Diviney again, offering to withhold filing the instant motion if his responses were forthcoming. Diviney did not reply. Two days later, counsel for Defendants called Diviney's office; however, they were informed that Diviney was out of the country and could not be reached until May 14, 2024.

To the knowledge of the Court, Plaintiff has *still* not responded to Defendants' discovery requests. Defendants have certified that they, in good faith, have attempted to confer with Diviney, *see* Dkt. 19-2, and they have offered to extend his deadlines on multiple occasions. Accordingly, the Court deems Defendants' Motion to Compel to be

MEMORANDUM DECISION AND ORDER – 8

procedurally proper[4] and finds good cause to order Petersen to provide responses to Defendants' first set of interrogatories and requests for production. *See* Fed. R. Civ. P. 37(a)(1).

Under Rule 36, the "failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). The rule is "self-executing," meaning a party need not "make any motion before the Court in order for the requests to be deemed admitted[.]" *Martin v. Inclusion, Inc.*, 2006 WL 1766786, at *1 (D. Idaho June 23, 2006). Because Petersen failed to respond to Defendants' requests for admission, those requests were "deemed admitted" as soon as Petersen's deadline passed. Accordingly, the Court need not take any further action on this issue.

Finally, Defendants have requested compensation for their reasonable expenses and fees incurred in bringing the Motion to Compel. The Court can grant such a request only after it gives the unresponsive party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). Therefore, within twenty-one (21) days of the issuance of this order, Defendants shall file a short motion styled "Motion for Fees and Costs" summarizing the fees and costs incurred in bringing its Motion to Compel. Petersen will then have twenty-one (21) days to respond. In Defendants reply (due fourteen (14) days after any responsive pleading), they shall also

---

[4] The undersigned's standard policy is *not* to accept discovery motions until the parties have mediated the dispute with the Court informally. *See Chief Judge David C. Nye, Discovery Disputes* (Updated Dec. 14, 2020), https://perma.cc/7HAQ-QATT. Here, Defendants did not contact the Court's law clerk and engage in this informal process as would normally have been required. Nevertheless, owing to the complete lack of communication from Diviney, the Court is not surprised Defendants took the route they did. It will not require the parties engage in the informal mediation process at this time and after-the-fact. In the future, however, Defendants should reach out to the Court to try to resolve the matter *before* filing a motion.

MEMORANDUM DECISION AND ORDER – 9

include fees spent on the Motion for Fees and Costs.[5]

## V. CONCLUSION

Because there are disputed material facts in this case—namely, whether the water leak in the Petersen home lasted fourteen or more days—summary judgment is inappropriate, and Petersen's Motion (Dkt. 16) is DENIED. On the other hand, Defendant's Motion to Compel (Dkt. 19) is appropriate and is GRANTED as outlined herein.

## VI. ORDER

The Court HEREBY ORDERS:

1. Petersen's Motion for Partial Summary Judgment (Dkt. 16) is DENIED.
2. Defendant's Motion to Compel (Dkt. 19) is GRANTED.
   a. Petersen must, within twenty-one (21) days of issuance of this Order, provide responses to Defendants' first set of interrogatories and requests for production.
   b. Defendants' requests for admission are deemed admitted.
   c. The remaining matter of attorney's fees shall proceed as outlined above.

DATED: July 11, 2024

_____
David C. Nye
Chief U.S. District Court Judge

---

[5] In the event Petersen does not file a response, Defendants can simply file a reply with the total amount spent on the Motion for Fees.

MEMORANDUM DECISION AND ORDER – 11