UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SPENCER PETERSEN, as trustee of The Spencer and Lesley Petersen Family Living Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, a business entity of unknown form or residence; AMERICAN STRATEGIC INSURANCE COMPANY, a business entity of unknown form or residence; and DOES I through X,<br><br>    Defendants. | Case No. 1:23-cv-00408-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Progressive Casualty Insurance Company and American Strategic Insurance Company's (collectively "Defendants") Motion for Attorney Fees and Costs ("Fee Motion").[1] Dkt. 24. Plaintiff Spencer Petersen ("Plaintiff") did not respond to the Fee Motion and the deadline for doing so has passed.

Having reviewed the record and Fee Motion, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay,

---

[1] In their Fee Motion, Defendants seek only an award of attorney fees and do not request reimbursement for costs. *See generally* Dkt. 24; Dkt. 24-2, at ¶ 13.

MEMORANDUM DECISION AND ORDER – 1

and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court decides the Fee Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Fee Motion is GRANTED.

## II. BACKGROUND

The factual background of this case is set forth in the Court's July 11, 2024 Memorandum Decision and Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendants' Motion to Compel (Dkt. 23) and is incorporated by reference. In short, after Plaintiff repeatedly failed to respond to Defendants' interrogatories, requests for production, and requests for admission, the Court ultimately granted Defendants' Motion to Compel. Dkt. 23, at 8–10. After holding Defendants were entitled to compensation for their reasonable expenses and fees incurred in bringing the Motion to Compel, the Court ordered Defendants to file a short motion detailing their relevant fees and costs. *Id*. at 9. Defendants thereafter filed the instant Fee Motion, requesting $2,364.00 in attorney fees. Dkt. 24. When Plaintiff failed to respond to the Fee Motion, Defendants filed a Reply reiterating their request for $2,364.00 in fees. Dkt. 25.

## III. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 37(a)

A party seeking discovery may move for an order compelling responses. Fed. R. Civ. Proc. 37(a)(1). "If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's

fees."[2] Fed. R. Civ. P. 37(a)(5)(A). The purpose of Rule 37(a) is "to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 208 (1999).

An award of attorney's fees is mandatory unless: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." *Id*. at (a)(5)(A)(i)–(iii); *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, 2016 WL 11643651, at *1 (D. Idaho Jan. 4, 2016) (noting an award under Rule 37(a)(5)(A) is not discretionary). The burden of establishing substantial justification or special circumstances which would make a fee award unjust "rests on the party being sanctioned." *Infanzon v. Allstate Ins. Co*., 335 F.R.D. 305, 311 (C.D. Cal. 2020) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)).

### B. Calculation of Fees

Courts within the Ninth Circuit apply the "lodestar" approach to determine appropriate fee awards. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). The lodestar amount is calculated by multiplying "the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate."[3] *Id*. at 1160 (emphasis in original)

---

[2] Although Plaintiff failed to respond to the Fee Motion, he was given the chance to do so and thus had, but ignored, his opportunity to be heard.

[3] A court has discretion to adjust the lodestar figure based on a number of additional factors not subsumed within the initial lodestar calculation. *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Because Defendants do

MEMORANDUM DECISION AND ORDER – 3

(quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)). "The party seeking fees bears the burden of documenting the hours expended in litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley* 461 U.S. at 437). While the "calculation of the amount of a 'reasonable attorney's fee' is not a precise science," *Green v. Baca*, 225 F.R.D. 612, 614 (C.D. Cal. 2005), there is a "strong presumption" the lodestar figure "represents a reasonable" fee. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

## IV. ANALYSIS

Plaintiff has neither established—nor even suggested—that a fee award would be unjust due to special circumstances or because Plaintiff's discovery conduct was somehow justified. Defendants are accordingly entitled to a fee award under Federal Rule of Civil Procedure 37(a)(5)(A). Having reviewed defense counsel's Declaration (Dkt. 24-2) and billing records (Dkts. 24-3 and 24-4), the Court finds Defendants' request for $2,364.00 in fees is reasonable under the lodestar calculation.

---

not seek an adjustment to the lodestar calculation and Plaintiff failed to respond to the Fee Motion, the Court does not further address the factors outlined in *Kerr*.

### A. Hours Expended

A fee applicant must submit detailed time records to support its claim of fees. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Claimed hours may be reduced by the court where documentation of the hours is inadequate, if the case was overstaffed and hours are duplicated, or "if the hours expended are deemed excessive or otherwise unnecessary." *Id*.

In conjunction with their Fee Motion, Defendants submitted detailed time records for their two attorneys, Brook B. Bond and S. Alex Roll. Dkt. 24-3; Dkt. 24-4. Over the course of two months, Mr. Bond spent a total of 3.4 hours, and Mr. Roll spent a total of 6.4 hours, repeatedly attempting to secure discovery from Plaintiff's counsel and eventually briefing the Motion to Compel.[4] *Id*. Plaintiff has not submitted any evidence or argument to challenge the accuracy or reasonableness of such hours, and has thus failed to meet his burden of rebuttal. *Gates*, 987 F.2d at 1397. Further, having carefully reviewed Defendants' records, the Court finds this matter was appropriately staffed, and that the hours expended were not duplicative, excessive, or unnecessary. The Court accordingly holds a total of 9.8 hours was a reasonable amount of time to expend on Defendants' efforts

---

[4] A party may recover under Rule 37(a)(5) for "expenses resulting from efforts to secure an order compelling discovery." *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981). Such expenses may include fees for time spent trying to resolve a discovery issue prior to bringing a discovery motion. *See W. Mortg. & Realty Co.*, 2016 WL 11643651, at *2 (explaining "[t]he Court disagrees with Defendants' characterization that *only* the fees incurred in the actual drafting of a motion to compel are recoverable" and awarding fees "directly related" to the Court's discovery order, including fees for time spent meeting and conferring prior to filing the motion to compel) (emphasis in original); *Hunzeker v. Butler*, 2013 WL 3976280, at *3 (D. Idaho Aug. 5, 2013) ("[T]he Court will order [Defendant] and her attorney to pay Plaintiff's costs and fees associated with the motion to compel, including counsel's time spent informally trying to mediate the issue and the cost of the transcript and recorder travel fees.").

MEMORANDUM DECISION AND ORDER – 5

to secure discovery from Plaintiff.

### B. Hourly Rates Claimed

The relevant community for assessing Defendants' requested rates is Boise, Idaho, where defense counsels' office is located and where this case was filed. *Gates*, 987 F.2d at 1405 ("[N]ormally the relevant legal community for determining the prevailing market rates for attorneys' fees is the community in which the forum is situated."); *Vargas*, 949 F.3d at 1199 (explaining reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community").

Parties seeking fees have the "burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Vargas*, 949 F.3d at 1199 (cleaned up). Here, Defendants seek the "highly discounted rate[s]"[5] of $300.00 per hour for Mr. Bond, and $210.00 per hour for Mr. Roll. Dkt. 24-2, ¶ 8. Although defense counsel did not detail their experience or provide information to suggest their rates are commensurate with those prevailing in Boise, the Court is familiar with the Boise legal market and can confirm the requested hourly rates are below that frequently sought by Boise attorneys, and particularly by Boise attorneys who, like defense counsel, have many years of experience and represent mid-sized national firms. *See, e.g.*, *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2021 WL 2444157, at *13–14 (D. Idaho June 15, 2021).

---

[5] Defendants do not explain why Mr. Bond and Mr. Roll's rates were "highly discounted." *Id*.

In the absence of information to contest defense counsels' hourly rates, the Court relies upon its knowledge of customary Boise rates, as well as its experience in awarding reasonable and proper fees, and finds the requested hourly rates of $300.00 per hour for a senior partner, and $210.00 per hour for senior associate, are entirely reasonable. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

## V. CONCLUSION

Pursuant to Federal Rule of Civil Procedure 37(a)(5), Defendants are entitled to their requested award of $2,364.00 in fees.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. Defendants' Fee Motion (Dkt. 24) is **GRANTED**;

2. Defendants are awarded a total of $2,364.00 in fees;

3. Plaintiff must tender payment within thirty (30) days of the date of this order.

DATED: February 3, 2025

_____
David C. Nye
Chief U.S. District Court Judge